JOSEPH STRUTHERS *v.* WILLIAM CHRISTAL AND OTHERS.

A court of equity has no inherent jurisdiction to award costs independent of statutory authority.

Hence, in a suit between copartners for a settlement of the copartnership affairs, the court will not, before final judgment, appropriate any part of the partnership funds in the hands of the receiver as a compensation or allowance to the plaintiff's attorney for his services in the action.

SPECIAL TERM—September, 1870.

MOTION for an order that the receiver pay to the plaintiff's attorneys a counsel fee, &c. The facts sufficiently appear in the opinion.

*Niles & Bagley*, for the motion.

*Sidney Williams*, in opposition.

ROBINSON, J.—This is an action by one partner against his copartners for a settlement of the copartnership affairs. A receiver of the copartnership assets has been appointed, and, pending the suit and before judgment, plaintiff's attorneys apply for an allowance out of the copartnership funds in the hands of the receiver towards their compensation for services in the action. It is stated that the receiver is about to pay a dividend to the creditors of the parties, but no such action by him, so far as appears, is warranted by any judgment of the court (of which he is the mere minister), and it is wholly unauthorized.

Can the funds of the partnership, in the hands of the receiver, be subjected, before final judgment, to any such summary appropriation to the compensation of the attorneys conducting the proceedings for the winding up of the affairs of the copartnership? I am not referred to any case allowing costs or allowance to a party, *pendente lite.*

Even as between party and party the counsel for the complainant has in no case a right to be paid extra counsel fees out of a fund belonging to the defendant, except where the counsel has been employed to obtain or create such fund.

The Code repealed all pre-existing statutes establishing or regulating the costs and fees of attorneys, solicitors, and counsellors in civil actions (Code, § 303); but provided that "there might be allowed to a *prevailing party upon the judgment* certain sums by way of indemnity for his expenses in the action, which *allowances* (in the act) are termed *costs.*" By § 306, in cases including those of this character, "costs shall be allowed or not in the *discretion of the court.*"

A court of equity has no inherent jurisdiction to award costs.

independent of statutory authority.   Since these enactments I am not pointed to, nor am I aware of any statute or authoritative decision of any court of this State allowing payment of counsel fees out of a fund in court, *pendente lite,* or the making of any preliminary order involving the right to that fund before final judgment. (See *Downing* v. *Marshall,* 37 N. Y. 380, 391, 393.)

The motion denied.